415 A.2d 29

**In re M. L. H.**

**Appeal of M.H. and J.H.**

Supreme Court of Pennsylvania.

Submitted March 3, 1980.

Decided May 30, 1980.

Richard J. Bedford, Southern Allegheny Legal Aid, Inc., Somerset, for appellant.

William L. Kimmel, Kim R. Gibson, Somerset, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellants, the parents of M.L.H., contend that the Orphans' Court of Somerset County improperly terminated their parental rights on evidence insufficient to support that decision. We disagree and affirm the decree of termination.

On December 26, 1976, appellant, fourteen-year-old J.B.H., gave birth to a son, M.L.H. The mother and child moved to the trailer home of Mrs. H., the paternal grandmother of M.L.H., where appellant, the child's father, sixteen-year-old M.D.H. also resided. Shortly thereafter, appellee Child Wel-

fare Agency of Somerset County visited the trailer home and found that the trailer was "cramped, dirty and cold." As a result, the orphans' court directed that the child be removed from the home and placed with foster parents. M.L.H. resided in the foster home from December 30, 1976, throughout these proceedings.

After placement of the child with the foster parents, appellants contacted the Agency about the boy only sporadically during the next year. The first contact was a telephone call placed to the Agency on February 15, 1977. During March, 1977, appellants separately visited M.L.H. Subsequent visits by the mother occurred in April, July, October and December of 1977.

After the July, 1977 visit, M.L.H. suffered a severe emotional reaction which necessitated force feeding by syringe. During the October, 1977 visit the boy's crying would stop only when the foster mother held the child. Observable, problem behavior continued for approximately one month after that visit. In May, 1978, a visit requested by Mrs. H. was cancelled because a physician treating the boy for an intestinal problem thought the visit might aggravate the boy's condition.

After the birth of a second child on April 25, 1978, appellants married and requested that the Agency return M.L.H. to them. An Agency case worker again visited appellants' trailer home and, although finding some improvements in the living conditions, decided that the child should not be returned at that time. Instead, the Agency suggested that appellants voluntarily relinquish their parental rights in M.L.H. In the Agency's view, the child's interests would best be served by allowing the foster parents to adopt the boy. Appellants declined this suggestion and next visited the child on July 12, 1978. This visit lasted only forty minutes because M.L.H. screamed when left alone with his natural parents. Following the July 12 visit, appellants, represented by counsel, petitioned for a rule to show cause why M.L.H. should not be returned to them. One month later the Agency petitioned for involuntary termination of

appellants' parental rights.  Both petitions were consolidated for hearing.

At a hearing conducted on November 29, 1978, the orphans' court concluded on the basis of the evidence presented that the Agency had established that appellants failed to perform their parental duties under both Section 311(1) and Section 311(2) of the Adoption Act.  See *Adoption of McCray*, 460 Pa. 210, 331 A.2d 652 (1975); Act of July 24, 1970, P.L. 620, 1 P.S. § 311.  The court terminated appellants' rights in the child and this appeal followed.

■ Appellants claim that the evidence presented at the hearing is insufficient to support the termination of their parental rights.  In these circumstances, our review is limited to a determination of whether sufficient competent evidence supports the orphans' court's findings.  *In re D.J.Y.*, 487 Pa. 125, 408 A.2d 1387 (1979); *Matter of Adoption of David C.*, 479 Pa. 1, 387 A.2d 804 (1978); *In re William L.*, 477 Pa. 322, 383 A.2d 1228, *cert. denied*, 439 U.S. 880, 99 S.Ct. 216, 58 L.Ed.2d 192 (1978).  Here, Child Welfare Agency case workers testified at the hearing that appellants infrequently visited M.L.H. during the first two years of his life.  Agency case workers also indicated that appellants infrequently contacted the Agency to inquire about the child's welfare, and at no time provided for the financial support of the child.  Appellants' interest in the child was demonstrated only by their infrequent visits.

■ Relying on this evidence, the orphans' court found that the parents seldom visited the child, never provided financial support, and only shortly before the commencement of these proceedings made slight efforts to improve their situation.  The orphans' court, therefore, correctly concluded that the conduct of these parents did not "affirmatively demonstrate the kind of love, support and concern toward the child as is required by the Adoption Act."

■ Appellants, however, argue that their own testimony contradicts a finding that they failed to perform their parental duties.  Their contention that this testimony contradicts

other competent testimony to the contrary, of course, is not sufficient, in the face of the fact-finder's conclusions, to reverse the decree of the orphans' court. Absent error of law or abuse of discretion, where conflicting testimony has been resolved in favor of one of the parties to an action, that resolution by the fact-finder may not be disturbed. *Matter of Kapcsos*, 468 Pa. 50, 360 A.2d 174 (1976); *Cohen Will*, 445 Pa. 549, 284 A.2d 754 (1971); *Hunter Will*, 416 Pa. 127, 205 A.2d 97 (1964). Because this record establishes that the orphans' court did not either commit an error of law or abuse its discretion we must affirm the decree of termination.

Decree affirmed. Each party to pay own costs.